NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JOHNSON BENJAMIN and RHODE BENJAMIN,

              Plaintiffs,

      v.

NAVY FEDERAL CREDIT UNION,

           Defendant.

Case No. **'19CV397  BAS RBB**

**COMPLAINT FOR DAMAGES**

**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**

**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

NOW comes JOHNSON BENJAMIN and RHODE BENJAMIN ("Plaintiffs"), by and through their attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of NAVY FEDERAL CREDIT UNION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action against Defendant pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.,* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Southern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of California.

PARTIES

4.  Plaintiffs are consumers over 18 years-of-age residing in San Diego County, California, which is located within the Southern District of California.

5.  Plaintiffs are natural "person[s]" as defined by 47 U.S.C. §153(39).

6.  Defendant is a corporation organized under the laws of the state of Virginia, with its principal place of business located at 820 Follin Lane, Vienna, Virginia 22180. Defendant provides various banking and other financial services to consumers nationwide.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.  Several years ago, Plaintiffs obtained personal financial services from Defendant.

10. Due to financial hardship, Plaintiffs fell behind on their scheduled payments to Defendant, thus incurring debt ("subject debt").

11. On or around 2018, Plaintiffs began receiving calls to their cellular phones, (786) XXX-0404 and (786) XXX-1049, from Defendant.

2

12. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, and operators of the cellular phones ending in -0404 and -1049.  Plaintiffs are and always have been financially responsible for the cellular phones and their services.

13. Defendant has used multiple phone numbers when placing collection calls to Plaintiffs' cellular phones, including but not limited to (800) 336-3767 and (703) 255-8062.

14.  Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

15.  Upon answering calls from Defendant, Plaintiffs have experienced a significant pause, lasting several seconds in length and have to say "hello" several times, before a live representative begins to speak.

16. Upon speaking with Defendant, Plaintiffs were informed that Defendant was seeking to collect upon the subject debt.

17. Plaintiffs explained their inability to address the subject debt and informed Defendant that they are declaring bankruptcy.

18. After explaining their inability to address the subject debt, Plaintiffs asked that Defendant stop calling them, and to contact their bankruptcy attorney instead.

19. Defendant willfully ignored Plaintiffs' demands and continued placing phone calls to Plaintiffs' cellular phones.

20. Plaintiffs have received not less than 15 phone calls from Defendant since demanding that it stop contacting them.

21.  Frustrated over Defendant's conduct, Plaintiffs spoke with Wajda regarding their rights, resulting in expenses.

22.  Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

3

23.   Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

### COUNT II– VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24.   Plaintiffs repeat and reallege paragraphs 1 through 23 as though fully set forth herein.

25.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26.   Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phones. During answered calls from Defendant, Plaintiffs experienced a noticeable pause lasting a handful of seconds in length, and had to repeatedly say "hello" prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Additionally, Defendant's continued contacts after Plaintiffs demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

27. Defendant violated the TCPA by placing at least 15 phone calls to Plaintiffs' cellular phones using an ATDS without their consent.  Any consent Plaintiffs may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by their demands that it cease contacting them.

4

28. The calls placed by Defendant to Plaintiffs were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, JOHNSON BENJAMIN and RHODE BENJAMIN, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiffs restate and reallege paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiffs are "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

32. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

33. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

34. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act

("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

### i.   Violations of the FDCPA §1692c and §1692d

35. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney…"

36. Defendant violated c(a)(2) when it placed over 15 calls to Plaintiffs' cellular phones after it knew that Plaintiffs were represented by an attorney.

37. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

38.   Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiffs after being notified to stop.  This behavior of systematically calling Plaintiffs' cellular phones on a systematic basis in spite of their demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them.

39.   Defendant was notified by Plaintiffs that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiffs.

### ii. Violations of the FDCPA § 1692e

40. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41. In addition, this section enumerates specific violations, such as:

6

1
2

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

3

4

42. Furthermore, Defendant violated §1692e and e(10) when it used deceptive means to collect

5

and/or attempt to collect the subject debt.  In spite of the fact that Plaintiffs demanded that it stop

6

contacting them, Defendant continued to contact Plaintiffs. Instead of putting an end to this

7

harassing behavior, Defendant placed repeated calls to Plaintiffs' cellular phones in a deceptive

8

attempt to force them to answer its calls and ultimately make a payment. Through its conduct,

9

Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them after

10

Plaintiffs explained that they could not pay and to stop calling.

11

### iii. Violations of FDCPA § 1692f

12

43. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or

13

unconscionable means to collect or attempt to collect any debt."

14

15

44. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a

16

debt by repeatedly calling Plaintiffs after being notified to stop.  Attempting to coerce Plaintiffs

17

into payment by placing voluminous phone calls without their permission is unfair and

18

unconscionable behavior.  These means employed by Defendant only served to worry and confuse

19

Plaintiffs.

20

45. As plead in paragraphs 20 through 23, Plaintiffs have been harmed and suffered damages

21

as a result of Defendant's illegal actions.

22

23

WHEREFORE, Plaintiffs, JOHNSON BENJAMIN and RHODE BENJAMIN, respectfully requests that this Honorable Court enter judgment in their favor as follows:

24

25

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

26

27

b.  Award Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

28

c.  Award Plaintiffs statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e.  Enjoining Defendant from further contacting Plaintiffs; and

f.  Award any other relief as the Honorable Court deems just and proper.


Dated: February 23, 2019                 Respectfully submitted,

                                         By: /s/ Nicholas M. Wajda
                                         Nicholas M. Wajda
                                         WAJDA LAW GROUP, APC
                                         11400 West Olympic Boulevard, Suite 200M
                                         Los Angeles, California 90064
                                         Telephone: (310) 997-0471
                                         Facsimile: (866) 286-8433
                                         Email: nick@wajdalawgroup.com